UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAWN J. BEACH, | No. EDCV 05-1053 FFM |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration[1] denying her application for supplemental security income benefits. On December 12, 2006 and December 16, 2006, plaintiff and defendant, respectively, consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the November 30, 2005 case management order, on June 8, 2006, the parties filed a Joint Stipulation detailing each party's arguments and authorities. The Court has reviewed the administrative record ("AR"), filed by defendant on June 9, 2006, and the Joint Stipulation (the "JS"). For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 12, 2007 and is hereby substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

## PROCEDURAL HISTORY

On November 25, 2002, plaintiff filed an application for supplemental security income. (AR 62.) Plaintiff's application was denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ") on August 27, 2003. (AR 35.) ALJ F. Keith Varni held a hearing on July 29, 2004. (AR 371.) On September 22, 2004, the ALJ issued a decision denying benefits. (AR 21-24.) Plaintiff sought review of the decision before the Social Security Administration Appeals Council. (AR 48.) The Council granted review and remanded the case back to the ALJ on November 12, 2004. (AR 50.)

The ALJ held another hearing on May 18, 2005. (AR 392-400.) Another unfavorable decision issued on September 10, 2005. (AR 10-13.) Plaintiff unsuccessfully sought review of the decision (AR 3-5) and then commenced the instant action on November 22, 2005.

## CONTENTIONS

Plaintiff raises six issues in this action:

1. Whether the ALJ properly considered the psychiatric evaluation performed by the treating psychiatrist.
2. Whether the ALJ properly discussed the Plaintiff's medications and dosages of medications, as required.
3. Whether the ALJ appropriately considered the severe dysfunction rating determined by the San Bernardino County Department of Behavioral Health therapist.
4. Whether the ALJ made proper credibility findings.
6. Whether the ALJ misrepresented the results of a mental status evaluation.
7. Whether the ALJ posed a complete hypothetical question to the vocational expert.

///

STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003).

DISCUSSION

1. <u>Whether the ALJ Properly Considered the Psychiatric Evaluation Performed by the Treating Psychiatrist.</u>

In evaluating medical opinions, the case law and regulations distinguish among three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), limited on other grounds, *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1502, 416.927(d). As a general rule, more weight should be given to the opinion of a treating source than to

the opinion of doctors who do not treat the claimant. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987); see also 20 C.F.R. § 416.927(d)(2). The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a non-examining physician. *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). As is the case with the opinion of a treating physician, the Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for "specific, legitimate reasons" that are supported by substantial evidence in the record. Lester, 81 F.3d at 830-31.

Plaintiff contends that the ALJ failed to consider the report of a treating psychiatrist, Dr. Dennis Payne. The record contains an Adult Psychiatric Evaluation performed by Dr. Payne. Yet, neither Dr. Payne nor his diagnosis is specifically mentioned in the ALJ's decision. Specifically, the ALJ does not mention Dr. Payne's March 9, 2005 diagnosis of schizoaffective disorder vs. bipolar disorder with psychotic features.[2] (AR 368.) Similarly, the ALJ simply ignores notations that plaintiff has pressured speech, auditory hallucinations, and thought processes that consist of flight of ideas. (*Id*.) In addition, the ALJ failed to address the GAF rating of 50 determined by Dr. Payne. (*Id*.) The page of Dr. Payne's report that contains

---

[2] According to the DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS-IV-TR (DSM-IV-TR), Schizoaffective Disorder is characterized by "an uninterrupted period of illness, during which, at some time, there is a Major Depressive, Manic, or Mixed Episode concurrent with symptoms that meet Criteria A for Schizophrenia (Criterion A). In addition, during the same period of illness, there have been delusions or hallucinations for at least 2 weeks in the absence of prominent mood symptoms (Criterion B). Finally, the mood systems are present for a substantial portion of the total duration of the illness (Criterion C). The symptoms must not be due to the direct physiological effects of a substance (e.g., cocaine) or a general medical condition (e.g., hyperthyroidism or temporal lobe epilepsy) (Criterion D)." (DSM-IV-TR at 319.)

4

these findings is cited by the ALJ, but only to support the observation that plaintiff had missed some appointments. (AR 11.)

Defendant contends that the ALJ properly considered other treating records and explained his consideration of the medical evidence. It appears, from the sparse documents relating to Dr. Payne contained in the record, that Dr. Payne was a treating physician. Therefore, the ALJ should have considered Dr. Payne's notes. Here, the ALJ may have believed Dr. Payne's opinion to be against the weight of the evidence, but the decision does not indicate that. In addition, given that Dr. Payne does not appear to have seen plaintiff over a long period of time, it may be that the ALJ rejected his conclusions partly on that basis as well. Nonetheless, the decision contains no suggestion that the ALJ even considered Dr. Payne's diagnosis. Thus, by failing to address Dr. Payne's diagnosis at all, the ALJ failed to comply with his obligation to provide specific, legitimate reasons for rejecting it. On remand, the ALJ should address Dr. Payne's diagnosis.

Given that remand is required, the Court need not address plaintiff's other contentions. However, the Court notes that the ALJ in several instances appears to have selectively referred to only those portions of medical records that support his conclusions. It is improper for the ALJ to ignore or misstate competent evidence in the record. *See Gallant*, 753 F.2d at 1456.

## CONCLUSION

For the foregoing reasons, the judgement of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED: December 15, 2008              /S/ FREDERICK F. MUMM
                                       FREDERICK F. MUMM
                                       United States Magistrate Judge